UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **REY BARRADAS-PEREZ,** | § | |
| | § | |
| *Petitioner*, | § | |
| VS. | § | **CIVIL ACTION NO. L-07-153** |
| | § | **CRIMINAL CASE NO. L-05-1507** |
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| *Respondent*. | § | |

**OPINION AND ORDER**

Pending before the Court is Rey Barradas-Perez's ("Barradas") Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Under 28 U.S.C. § 2255. [Dkt. No. 1].[1]  Having duly considered the petition, supporting memorandum, and applicable law, Barradas's petition is **DISMISSED with prejudice**.

**I.     BACKGROUND AND TIMELINESS OF PETITION**

On July 6, 2005, a federal grand jury returned a one-count indictment against Barradas in criminal case number L-05-1507, charging him with illegal re-entry after having been previously denied admission, excluded, deported, and removed, in violation of Title 8, United States Code, Section 1326, and Title 6, United States Code, Sections 202 and 557. [Cr. Dkt. No. 6]. Barradas decided to forego trial and entered a plea of guilty before United States Magistrate Judge Adriana Arce-Flores on August 18, 2005. [Minute Entry of 8/18/05].  At that time, Barradas admitted that he entered the country illegally after having been previously deported to Mexico on February 4, 2005, via Brownsville, Texas. [Presentence Investigation Report ("PSR") ¶ 5]. The

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system.  The Court will cite to the docket number entries rather than the title of each filing.  "Dkt. No." will be used to refer to filings in case number 5:07-cv-153.  "Cr. Dkt. No." will be used to refer to filings in criminal case number 5:05-cr-1507.  Citations to "Minute Entries" will be used to refer to entries made for criminal case number 5:05-cr-1507.

Court sentenced Barradas on November 29, 2005 to fifty-two (52) months of imprisonment and to a subsequent three-year term of supervised release. [*See* Minute Entry of 11/29/05; Cr. Dkt. No. 19]. Judgment was entered on December 1, 2005. [Cr. Dkt. No. 19].

Barradas appealed this Court's conviction and sentence to the United States Court of Appeals for the Fifth Circuit on November 29, 2005, [Cr. Dkt. No. 17], arguing that the "felony" and "aggravated felony" provisions found at 8 U.S.C. § 1326(b)(1) & (2) are unconstitutional on their face and as applied. [Dkt. No. 1 at 2]. The Court of Appeals affirmed this Court's judgment on December 1, 2006. [Cr. Dkt. No. 31]. Barradas subsequently filed a petition for a writ of certiorari with the United States Supreme Court, arguing that the Court should overrule its prior decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and hold that, where the fact of a prior conviction raises the applicable statutory maximum, it must be proved to a jury beyond a reasonable doubt. [Dkt. No. 1 at 2]. The Supreme Court denied his petition on March 29, 2007. [Cr. Dkt. No. 33]. Barradas filed the instant motion on December 17, 2007. [Dkt. No. 1; Cr. Dkt. No. 34].

Petitioner's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Before the enactment of AEDPA, criminal defendants could file motions attacking their conviction and sentence under 28 U.S.C. § 2255 at any time. After AEDPA, by contrast, motions under § 2255 are subject to a one-year limitations period. § 2255. Because Barradas filed the instant motion within one year after judgment became final, his petition is timely.

## II. DISCUSSION

Barradas presents two grounds for challenging his sentence under § 2255: (1) that he is innocent because he did not actually "enter" United States territory within the meaning of the

law; and (2) that he suffered ineffective assistance of counsel at sentencing. [Dkt. No. 1 at 4, 5]. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaugh*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam) (citing *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981)). Generally, § 2255 allows relief in four areas: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255.

### A. Innocence Claim

The plain language of 8 U.S.C. § 1326 provides for three separate circumstances upon which a deported alien may be found to have committed the offense of illegal re-entry: (1) when he illegally enters the United States; (2) when he attempts to illegally enter the United States; or (3) when he is at any time found in the United States. 8 U.S.C. § 1326(a); *United States v. Santana-Castellano*, 74 F.3d 593, 597 (5th Cir. 1996) (citing *United States v. Gonzalez*, 988 F.2d 16, 18 (5th Cir. 1993), *cert. denied*, 510 U.S. 858 (1993)). The indictment alleged that Barradas, "an alien who had previously been denied admission, excluded, deported, and removed . . . was *found* in the United States." [Cr. Dkt. No. 6 (emphasis added)]. Nevertheless, Barradas focuses his petition on the claim that he is innocent because he never "entered" the United States.

#### *1) Scope of Review*

The Court will begin by discussing whether Barradas is allowed to raise a claim of innocence at this time. The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review unless the

petitioner shows cause and prejudice. *See Massaro v. United States,* 538 U.S. 500, 504 (2003) (citing *States v. Frady*, 456 U.S. 152, 167 (1982)). As stated above, Barradas focused his appeal on the *Armendarez-Torres* decision and on the constitutionality of the "felony" and "aggravated felony" provisions of § 1326. [Dkt. No. 1 at 2]. Barradas raises the "innocence" argument for the first time in his § 2255 petition. [*Id.* at 4-6]. Accordingly, because Barradas did not introduce this claim on direct appeal, he is barred from raising it at this time. Moreover, this is not the type of claim appropriate for review under § 2255. However, a petitioner may bring an ineffective-assistance-of-counsel claim in a collateral proceeding under § 2255 whether or not he could have raised the claim on direct appeal. *Massaro*, 538 U.S. at 505. Thus, because discussion of Barradas's innocence claim is a necessary precursor to his ineffective assistance of counsel claim, the Court will address its merits, but only for the limited purpose of determining whether his Sixth Amendment rights were violated.

### *2)* United States v. Pacheco-Medina

In support of his petition, Barradas cites to *United States v. Pacheco-Medina*, a Ninth Circuit case in which the court found that before an alien can be said to have entered, he must be free from official restraint and enjoy the freedom to go at large and at will within the United States. [*Id.* at 4 (citing 212 F.3d 1162, 1164 (9th Cir. 2000))]. In that case, Pacheco and two other individuals were climbing the international boundary fence separating the United States from Mexico when a surveillance camera in the parking lot of the United States Customs compound on the other side of the fence detected them. *Pacheco-Medina*, 212 F.3d at 1163. The monitor immediately called a border patrol agent who arrived at the fence just as the three individuals landed. *Id.* The agent captured the two individuals immediately but Pacheco ran past the agent. *Id.* Pacheco never left the agent's sight except for a split second as he rounded a

corner.  *Id.*  Within a few yards of the border Pacheco was captured and taken into custody.  *Id.*  At trial, Pacheco moved for an acquittal claiming that because he was never free from official restraint, he had not entered the United States as a matter of law.  *Id.*  Disagreeing with this argument, the district court convicted and sentenced Pacheco.

On appeal, the court reversed the district court's decision and stated that "entering" means more than merely crossing the border line:  "[t]hose who seek to enter in the sense of the law, and those the policy of the law seeks to prevent from entering, are those who come to stay permanently, or for a period of time, or to go at large and at will within the United States."  *Id.* at 1164 (quoting *Ex parte Chow Chok*, 161 F.627, 630 (N.D.N.Y.), *aff'd*, 163 F. 1021 (2d Cir. 1908)).  In other words, even though an alien may have crossed the border with the intention of evading inspection, if he lacks the freedom to go at large and mix with the population, he has still not made an entry.  *Id.* (citing other circuits who have adopted this view, including *Yi Yang v. Maugans*, 68 F.3d 1540, 1549-1550 (3d Cir. 1995); *United States v. Kavazanjian*, 623 F.2d 730, 736-37 (1st Cir. 1980)).  The court held that "before he can said to have entered, an alien must be free from restraint."  *Id.*  Such restraint "may take the form of surveillance, unbeknownst to the alien; he has still not made an entry despite having crossed the border with the intention of evading inspection, because he has the freedom to go at large and mix with the population."  *Id.*  As such, the court of appeals found that because Pacheco was never free from official restraint, he did not commit the crime of being found in the United States.  *Id.* at 1166.

While the Fifth Circuit has acknowledged that most courts have interpreted "entry" to require physical presence in the country and freedom from official restraint, there is no indication that the Fifth Circuit itself has adopted this view.  *See United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1133 (5th Cir. 1993) (stating that the Fifth Circuit has not addressed the

issue).  However, in *United States v. Angeles-Mascote*, 206 F.3d 529, 532 (5th Cir. 2000), the court vacated the defendant's guilty plea because the evidence was insufficient to show that the defendant was found in and entered the United States.  *Id.* at 531.  In that case, the defendant challenged whether the facts that he and the government stipulated to supported a finding that he was "found in" the United States.  *Id.*  The court concluded that the factual basis of the guilty plea did not support the charge in the indictment.  *Id.*  However, the facts of that case are very different from this one.  In that case the defendant was not attempting to cross the border when intercepted, or found fifty miles north of it.  Rather, he approached the port of entry at the Dallas Fort Worth International Airport and presented immigration officials with an alien registration card.  Barradas cites to no authority within this Circuit that fully supports the Ninth Circuit's approach.  Nevertheless, even if he had, it is not applicable to the case at hand.

### 3)   *Pacheco-Medina as Applied to Barradas's Case*

Barradas avers that upon entering United States territory from Mexico, Immigration Officers immediately apprehended him, thereby depriving him of his liberty and his ability to go at large within the United States.  [Dkt. 1 at 6].  Arguing that because he was prevented from going at large, he did not actually "enter" the United States and is therefore innocent of violating § 1326.  [*Id.*].

The complaint charges that border patrol agents found Barradas near Hebbronville, Texas and determined after a brief interview that he was an illegal alien from Mexico.  [Cr. Dkt. No. 1]. Further investigation revealed that he was previously removed from the United States on February 4, 2005 and that there was no record indicating that Barradas had applied for or received permission from the Attorney General to re-enter the United States.  [*Id.*].  Furthermore,

per his own admission at the time of his arrest, Barradas entered the country illegally from Mexico by wading through the Rio Grande River near Laredo. [PSR ¶ 5; Dkt. No. 23 at 28].

Hebbronville is approximately fifty-eight (58) miles from Laredo. Even assuming that Barradas had been under continuous surveillance or under another form of official restraint for the fifty-eight miles between Laredo and Hebbronville, the simple fact that he was able to get so far north undermines his argument that he was prevented from going at large. Furthermore, in *Pacheco-Medina*—as well as in the other cases where courts have found that a defendant did not "enter" the United States within the meaning of the law—the undocumented immigrant was intercepted at the border, not fifty-eight miles north of it. Accordingly, Barradas's claim that he is innocent fails.

### B. Ineffective Assistance of Counsel Claim

Barradas next claims that because his lawyer did not know the legal definition of "entry," he suffered ineffective assistance of counsel. [Dkt. No. 1 at 4]. Ineffective assistance constitutes a violation of the Sixth Amendment right to counsel, a claim permitted under § 2255. To prove ineffective assistance, the petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In assessing unconstitutional deficiency, a court indulges a strong presumption that counsel's conduct fell within the wide range of reasonable assistance. *Id.* at 689. Under the prejudice requirement, the petitioner must demonstrate a reasonable probability that, but for counsel's unprofessional errors, the proceeding's result would have been different. *Id.* at 694. A "reasonable probability" is a probability which undermines confidence in the outcome. *Id.* In the sentencing context, a petitioner must show that a reasonable probability exists that, but for counsel's errors, the petitioner's sentence would have

been "*significantly* less harsh." *Spriggs v. Collins*, 993 F.2d 85, 88 (5th Cir. 1993) (per curiam) (emphasis in original).

Barradas's claim of ineffective assistance of counsel is unavailing. Barradas argues that if his lawyer had known the legal definition of "entry," he would have "known that the evidence did not support the conviction because it shows that he did not actually enter the United States." [Dkt. No. 1 at 4]. This challenge is meritless because his basis for arguing that his attorney failed in his performance—namely that the evidence demonstrates that he did not enter the United States—is also without merit. As stated above, the facts of his case do not apply to the authority that he cites in support of his petition. Having no hook on which to hang his hat, Barradas fails to demonstrate that his attorney's performance fell below an objective standard of reasonableness and accordingly, no prejudice could have ensued as a result.

### III.   CONCLUSION

For the aforementioned reasons, Barradas is not entitled to the relief he seeks and thus, his Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice.** Additionally, should Barradas seek a certificate of appealability, the same is **DENIED**. The Court will issue a final judgment under separate cover.

IT IS SO ORDERED.

Done this 21st day of April, 2008, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**